UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-08371 DMG (MANx) | Date | November 10, 2011 |
|---|---|---|---|
| Title | *Larry Barner v. Denise W. Lewis, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 25, 2011, Plaintiff filed a complaint in this Court. Plaintiff asserts jurisdiction under 28 U.S.C. § 1338, which vests federal district courts with subject matter jurisdiction over actions "relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a). Plaintiff's claims—though difficult to understand—clearly do not pertain to intellectual property. Thus, 28 U.S.C. § 1338 does not provide a basis for jurisdiction.

Nor is any jurisdictional basis apparent from the face of the complaint. Under 28 U.S.C. § 1332(a)(1), courts have diversity jurisdiction if at least $75,000 is in controversy and the action arises between "citizens of different States." To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Here, all parties appear to be California citizens, thus defeating diversity. Moreover, the amount in controversy appears to be $5,000—far less than the jurisdictional minimum.

Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted). Plaintiff's claims, however, do not appear to arise under federal law. Thus, there appears to be no federal question jurisdiction.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-08371 DMG (MANx) | Date | November 10, 2011 |
| Title | *Larry Barner v. Denise W. Lewis, et al.* | Page | 2 of 2 |

    Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file his response by no later than **December 2, 2011**. **Failure to file a satisfactory response will result in the dismissal of this action.**[1]

**IT IS SO ORDERED.**

---

[1] Although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to follow both the Local Rules and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.10.3. The Court may not provide legal advice to any party, including *pro se* litigants. There is a "*Pro Se* Clinic" operating within the courthouse that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and is staffed by lawyers and a paralegal. The clinic is open to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. It is located in room 525 on the fifth floor of the United States Courthouse at 312 North Spring Street, Los Angeles, California. In addition, some information for *pro se* litigants can be found on the Central District's website. *See* Representing Yourself in Federal Courts, http://www.cacd.uscourts.gov/cacd/ProSe.nsf.